JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RABY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:19-cv-08689 AFM<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE** |

On October 9, 2019, plaintiff *pro se* filed a Complaint seeking review of the Commissioner's decision denying his application for benefits under the Social Security Act. He subsequently was granted leave to proceed *in forma pauperis*. The parties have consented to the jurisdiction of the undersigned Magistrate Judge under 28 U.S.C. § 636(c). On July 30, 2020, Defendant filed his Answer to Complaint and the Certified Administrative Record. (ECF Nos. 18, 19.) According to the Court's October 11, 2019 case management order, plaintiff's Memorandum in Support of Complaint ("Memorandum") was due on September 3, 2020. A review of the docket indicated plaintiff did not file the Memorandum.

On September 28, 2020, the Court issued an Order to Show Cause requiring plaintiff to show cause why this action should not be dismissed for failure to

prosecute. The Order provided that plaintiff's filing of his Memorandum by October 26, 2020 would discharge the show cause order. (ECF No. 21.) A review of the docket as of the date of this Order indicates that plaintiff has not responded to the Order to Show Cause or filed his Memorandum in Support of Complaint.

Assuming that plaintiff wished to continue to pursue this action, he was obligated to comply with the Court's orders. Plaintiff has not filed a response to the Order to Show Cause, has not filed his Memorandum in Support of Complaint, and has not requested an enlargement of time to do so. The Court possesses the inherent power to dismiss, *sua sponte*, for lack of prosecution any action which has remained dormant because of the inaction or dilatoriness of the parties seeking relief. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). The exercise of such power is recognized as necessary to achieve the orderly and expeditious disposition of cases. *Id.* The Local Rules of this Court further implement the policy of dismissing an action in which the plaintiff has failed to prosecute diligently. Civil Local Rule 41.

The Ninth Circuit has cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

The first two factors from *Carey* – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has failed to comply with the Court's orders and failed to file essential documents, despite being warned of the consequences and granted sufficient time in which to do so. Plaintiff's conduct prevents the Court from moving this case towards disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff

unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on their merits – ordinarily weighs against dismissal. However, it is plaintiff's responsibility to move towards disposition at a reasonable pace, to comply with the local rules, and to avoid dilatory and evasive tactics. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been granted more than sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with a court order.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case towards disposition without plaintiff's compliance with court orders and participation in its litigation. Moreover, it does not appear to the Court that there are any less drastic sanctions available for the Court to impose. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents.

IT THEREFORE IS ORDERED that plaintiff's Complaint is dismissed <u>without prejudice</u> for failure to prosecute.

DATED: 11/12/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE